UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SISSY HUGHES | CIVIL ACTION NO. |
| VERSUS | JUDGE: |
| ENTERGY SERVICES, INC.; ENTERGY OPERATIONS, INC.; AND ENTERGY CORPORATION | MAGISTRATE JUDGE: |

**COMPLAINT**

The Complaint of Sissy Hughes, a resident of the full age of majority of East Baton Rouge Parish, Louisiana, respectfully represents:

1.

Jurisdiction is founded herein pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1367. Venue is proper within the Middle District as the majority of the incidents sued upon herein occurred within this judicial district.

2.

Made defendants herein are Entergy Services, Inc.; Entergy Operations, Inc.; and Entergy Corporation (hereinafter referred to as Entergy), all Delaware companies doing business in multiple parishes in Louisiana, including West Feliciana and East Baton Rouge Parishes, whose registered agent for service of process is MARCUS V. BROWN, 639 LOYOLA AVENUE, 26TH FLOOR, NEW ORLEANS, LA 70113.

3.

This lawsuit is brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.*; and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.*

1

4.

In September, 1983, Complainant began her employment with Entergy as an Electric Department Helper. Complainant worked at the Entergy Louisiana Station Co-Gen Facility in Baton Rouge, Louisiana. At the time she was terminated, Complainant's position was First Class Test Technician.

5.

At all times pertinent hereto, Complainant was an "employee" of Entergy within the meaning and intent of Federal law.

6.

At all times pertinent hereto, Entergy was the "employer" of Complainant within the meaning and intent of Federal law, and employed over 500 employees.

7.

Complainant has a disability as defined by the ADA. On February 12, 2010, Complainant suffered a workplace accident while transporting a heavy gas cylinder, causing severe injury to her back. She was diagnosed with lumbar degenerative disc disease with radiculopathy into her legs with L-5 nerve root compression. This physical impairment substantially limits her in several major life activities, including lifting, bending, squatting and climbing.

8.

She immediately reported the injury to her supervisor and went out on sick leave. Her workplace injury was falsely reported as a first aid incident to avoid reporting a Lost Time Injury. When she returned to work, Complainant requested reasonable accommodation of light duty work. Despite her repeated requests for reasonable accommodation, Entergy failed to

engage in the interactive process and failed to provide Complainant with reasonable accommodation.

9.

Complainant was discriminated, harassed and retaliated against because of her disability, her request for reasonable accommodation, and her gender, in the following non-exclusive ways:

A. Complainant was given more heavy-duty work than non-disabled male employees. She was repeatedly assigned the most labor intensive jobs that required her to complete the same lifting task that caused her workplace injury. The tasks that did not require heavy lifting were assigned to non-disabled male employees.

B. Complainant was often required to work in the heat, while non-disabled male employees worked in the air-conditioned shop ordering parts.

C. On several occasions, Complainant was written up for leaving work too late, while non-disabled male employees frequently left work early with no consequence. These non-disabled male employees were often paid overtime even though they left work early.

D. Complainant was given onerous work assignments, including having to update all work requests and logbooks and document her completed work assignments (with each task performed and time of completion) daily, while non-disabled male employees did not.

E. Complainant was frequently excluded from conversations about work-related information by male employees. The Master Technician (male) would seldom speak to her or acknowledge she existed when they were in the room together, and on one occasion, he refused to acknowledge a direct work-related question from Complainant and later told the supervisor that he had nothing to say to "that woman."

F. Complainant's male co-workers and supervisors refused to share information with her that was important to job functions. On one occasion when she asked a male co-worker for help locating information, he told her to "Read the f***ing book." The male employees frequently assisted and shared work-related information with each other, but Complainant was not included.

G. When Complaint would walk into the shop, the male employees would walk out. If Complainant spoke or asked questions, the male employees ignored her.

H. Complainant was subjected to severe hostility from co-workers and supervisors when Complainant had to leave work because of her disability, including on one occasion, comments by male employees that all she had to do was cry that her back hurt to get out of work and they had to pick up her work load.

I.     She was told by Stephen Babin and Terry Rook, both male employees, that she needed to find a job that better suited her limitations as a woman like a secretary.

J.     On one occasion, Terry Rook because extremely angry with a work request by Complainant, yelling at her in front of other employees that she was stupid and unqualified. Mr. Rook had previously openly announced to other employees that he did not believe women should be working in a man's job like plant maintenance.

K.     Complainant was falsely accused by another employee of improper use of a recording device and inappropriate distribution of proprietary information, for which she was investigated and exonerated.

10.

Complainant made several complaints to Entergy about the discrimination and hostile work environment. She complained to her supervisor Doug George, but he did nothing. She also complained to Human Resources/Ethics Hot Line in late October/early November 2012. She was terminated before her complaint was resolved.

11.

On February 20, 2013, Complainant was terminated. The alleged reason was for absenteeism. Complainant's supervisor Doug George had previously told her that his condition of being promoted to supervisor was that he had to do whatever it took to fire Complainant.

12.

Entergy failed to engage in the interactive process and failed to provide a reasonable accommodation to Complainant. Complainant was subjected to adverse employment actions, including termination from employment. She was harassed and discriminated against because of her gender and her disability, and was retaliated against for asserting her rights under the ADA and Title VII.

13.

On or about September 30, 2013, Complainant filed a charge of discrimination with the Equal Employment Opportunity Commission by submitting a completed and signed Intake Questionnaire. Complainant received a Notice of Right to Sue dated March 30, 2017.

14.

By the conduct described above, Entergy acted with malice and reckless indifference to the federally protected rights of Complainant. Thus, Complainant is entitled to an award of punitive damages.

15.

As a result of the incidents sued upon herein, Complainant is entitled to and seeks all damages described herein, including without limitation:

a) Compensatory damages, including for severe emotional and mental anguish, anxiety, depression, humiliation, embarrassment and loss of enjoyment of life;

b) Past and future medical expenses;

c) Past and future lost wages and benefits;

d) Punitive damages; and

e) All costs and attorney's fees incurred in the prosecution of this matter.

16.

Complainant is entitled to and requests a trial by jury.

WHEREFORE, Complainant, Sissy Hughes, prays that after all legal delays and due proceedings are had, that judgment be rendered in her favor and against Defendants, Entergy Services, Inc.; Entergy Operations, Inc.; and Entergy Corporation, for all such damages, including punitive damages, as are reasonable under the premises, attorney's fees, all costs of

these proceedings, interest thereon from the date of judicial demand until paid, and all such other relief to which he is entitled at law or in equity.

                                            Respectfully submitted:

/s/Robert L. Campbell
Robert L. Campbell - La. Bar Roll No. 27986
WILLIAMSON, FONTENOT, CAMPBELL AND WHITTINGTON, LLC
955 McClung Street
Baton Rouge, LA 70802
Telephone: (225) 383-4010
Facsimile: (225) 383-4114
robb@lawyerbatonrouge.com

***Attorneys for Complainant Sissy Hughes***